## Bonino's Appeal

*John M. Walker*, for Commonwealth.
*Armand R. Cingolani*, for appellant..

WILSON, P. J., April 16, 1935.—This is an appeal by Mrs. Mary Bonino from a judgment of the Liquor Control board refusing her application for a restaurant liquor license at Butler Junction, Butler County, Pennsylvania.

Notice of the time and place of hearing on appellant's petition was duly served upon the Liquor Control Board, and at the hearing the board was represented by Mr. John M. Walker of the Department of Justice, and the appellant by Armand R. Cingolani.

A perusal of section 404 of the Liquor Control Act of November 29, 1933, P. L. 15, leads us to the conclusion that such appeals are to be heard by the court de novo. If we have any doubt as to this conclusion, such doubt is dissipated by the clear, concise and logical opinion of Judge McConnel in Privol's Appeal, 20 D. & C. 163.

It is not controverted that appellant filed with the board an application in due form accompanied by a certified check in the sum of $150, a postal money order in the sum of $50, and a surety bond, all as required by the act and the rules and regulations of the Liquor Control Board. It appears that the board's order refusing the application is in the following form:

"At an executive session of the Liquor Control Board on February 26th, your application for restaurant liquor license was refused as you are not the bona fide proprietor of this establishment and are only endeavoring to secure the license because of the arrest of your husband. The investigator also reports that regular meals

are not served, there is an insufficient quantity of food on the premises and the kitchen is equipped for only a private family and not a public restaurant."

Appellant testified that she is the wife of Joseph Bonino, both of them being citzens of the United States who have resided at Butler Junction for 20 years or more, the husband during that time having been employed in the industrial plants in that vicinity; that for a number of years appellant owned and conducted a grocery and general store at Butler Junction very successfully, but the building and contents were destroyed by fire a year or so ago; that during all of this time her husband was employed in industrial plants in the vicinity and that she was the sole manager and operator of the store; that prior to her filing her application for a restaurant liquor license, the title to the property in which she proposes to conduct a restaurant was in the joint names of her husband and herself, that she and her husband joined in a deed conveying this property to a third person, and that this third person at the same time executed and delivered a deed conveying the said property to her, which latter two deeds were not recorded but remain in the custody of her attorney.

That she had gone to considerable expense in procuring furnishings and equipment for this restaurant and had provisions for accommodating more than 50 diners at one time, and intended to use the kitchen on the same floor solely for restaurant purposes, having provided a kitchen and dining room for family purposes in the basement or first floor of the building; that there were more than 200 Italian people residing at Butler Junction and that there was a need for a public restaurant at the location she had selected.

Harry U. Cooper, a resident of that part of Buffalo Township, who has been a justice of the peace for a number of years, Dr. McLaughlin, Burgess of Freeport, Samuel R. Montgomery, who has carried on a builders supply

business at Butler Junction near the location of the Bonino Restaurant, and Alvin Myers, tax collector in and for Buffalo Township, all testified that they had known Mary Bonino and her husband for a great many years, that appellant was a woman of good character and standing in the community, and had successfully conducted a store in that community for a number of years, and that they believed that there was a need for a public restaurant or eating place such as she proposed to conduct at this particular place.

The record at no. 91, September term, 1934, in the Court of Quarter Sessions of Butler County shows that Joseph Bonino, husband of appellant, entered a plea of guilty to a charge of possessing liquor not legally acquired and not having thereon the official seal; that on September 22nd sentence was suspended and he was placed on probation for 1 year and directed to pay the costs and $100 for the use of Butler County in monthly instalments to the probation officer. The charge against this defendant was not a serious one, nor do we have reason to believe it was a wilful or corrupt violation of law.

The description of the equipment of the restaurant and the photographs of the same offered in evidence, indicate to us that the place is well equipped. The testimony of the four American-born character witnesses lead us to believe that Mrs. Bonino has the qualifications for operating such a restaurant and that there is need for such a place in this community.

While we have no desire to increase the number of liquor licenses granted, nor do we have any desire to take over the granting of licenses from the Liquor Control Board, yet we are convinced, after seeing the applicant and hearing the testimony of the witnesses produced by her, all of whom are well known to the court and who have a knowledge of conditions in and about Butler Junction, that the granting of a restaurant license to this applicant will make for peace and good order in that community

and will lawfully supply the need or demand, and we further conclude that appellant filed this application in her own name in good faith believing that she was the owner in fee of the premises and that she was not moved to do so because her husband had pled guilty to violating the liquor law.

### Order

Now, April 16, 1935, the appeal is sustained and the order of the Liquor Control Board refusing the license to appellant is reversed, and a restaurant liquor license is directed to issue to appellant on her filing bond, paying the proportionate annual license fee fixed by law, and otherwise complying with all the rules and regulations of the board.          From Thomas H. Green, Butler.